**Raymond J. DONOVAN, Secretary of Labor, U.S. Department of Labor**

v.

**LOCAL 519, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA.**

No. CIV. 3–83–312.

United States District Court,
E.D. Tennessee, N.D.

Aug. 19, 1983.

John W. Gill, U.S. Atty., Marilyn L. Hudson, Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Cecil D. Branstetter, Branstetter, Kilgore & Stranch, Nashville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action by the Secretary of Labor for violations of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, in connection with an election of officers of the defendant Local 519 of the International Brotherhood of Teamsters ("the Union"). The Secretary alleges that the election must be invalidated because of discrimination in favor of the incumbent union officers over the other candidates in the use of lists of union members. The Union moves for summary judgment, alleging that there has been no exhaustion of internal union remedies of the claim alleged in the complaint. *See* 29 U.S.C. § 482(a)(1). The Union also moves for judgment on the pleadings on the ground that the complaining union member did not file his complaint with the Secretary within the time required by law. *See* 29 U.S.C. § 482(a)(2). Finally, the Union moves to compel discovery of certain requests for admissions and interrogatories.

The following facts are supported by the present record: Local Union 519 held an election of officers on October 17, 1982. Union member Rod Howard ran for the office of president of the Local. The incumbent president of Local 519 defeated Howard by a two-to-one margin. Howard

then initiated internal union appeals on October 19, 1982 alleging irregularities in the election. In his first letter to Union Joint Council # 87, Howard stated that the protest was based on "over 300 absentee ballot requests that no ballot ever came back for" and "the use of Union monies to campaign." A hearing was held on November 12, 1982. The only issues raised during the hearing were the alleged irregularities in absentee voting and the use of Union monies, cars, phone charges, facilities, and personnel on the Union payroll by the incumbent officers in their campaign. The Joint Council denied the protests. The General Executive Board of the International Union denied Howard's final appeal by letter dated January 31, 1983. The General Executive Board addressed the absentee ballot issue, the alleged improper handling of voting machines, the alleged misuse of Union funds, and the alleged improper presence of the Union secretary at the Union hall during the election. At no stage of his intra-union protests did Howard allege irregularities in the misuse of a membership list by the incumbent candidates. Furthermore, Howard did not submit this issue to the Secretary of Labor with his complaint dated March 2, 1983.

In an interview statement given to the Department of Labor on May 26, 1983, Howard stated that he did not know that the list was available before the election. He further stated, however,

> I suspected that George Moins, Jimmy Metts, and Bob Barnes were using some kind of a list because the members told me that they were being called by the union officers. The members started telling me about the phone calls approximately ten (10) days before the election.

The Union contends that the Secretary may not complain of the alleged misuse of a membership list because the Union was not given an opportunity to resolve this matter internally. It says that Howard's protests in no way informed it of the complaint now alleged.

In *Hodgson v. Local 6799, United Steelworkers of America,* the Supreme Court addressed the statutory requirement that a union member exhaust his internal union remedies. 403 U.S. 333, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971). In *Hodgson* a defeated candidate in a local election protested the use of union facilities to promote the incumbent president's campaign. He complained to the Secretary of Labor of this charge and also challenged a meeting-attendance requirement imposed as a condition of candidacy for union office. The Secretary sued in a United States district court challenging the local election on both grounds. Affirming the Court of Appeal's dismissal of the meeting-attendance claim, the Supreme Court noted "the long-standing congressional policy against unnecessary governmental interference with internal union affairs." *Id.* at 338, 91 S.Ct. at 1845. The Court found that "the primary objective of the exhaustion requirement is to preserve the vitality of internal union mechanisms for resolving election disputes." *Id.* at 340, 91 S.Ct. at 1846. The Court held,

> [I]n determining whether the exhaustion requirement of § 402(a) has been satisfied, courts should impose a heavy burden on the union to show that it could not in any way discern that a member was complaining of the violation in question. But when a union member is aware of the facts supporting an alleged election violation, the member must, in some discernible fashion, indicate to his union his dissatisfaction with those facts if he is to meet the exhaustion requirement.

*Id.* at 341, 91 S.Ct. at 1846. As in *Hodgson v. Local 6799,* it is clear that Howard knew or had reason to know of the alleged use of membership lists by the incumbent candidates. He did not present this complaint to the Union for resolution as required by 29 U.S.C. § 482(a). The Secretary is therefore barred from litigating the claim in this case. *See id.; see also, Hodgson v. Local 1299, United Steelworkers of America,* 453 F.2d 565 (6th Cir.1971). Accordingly, the Union's remaining motions for judgment on the pleadings and to compel discovery are rendered moot.

For the foregoing reasons it is ORDERED that defendant's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that defendant's motions for judgment on the pleadings and to compel discovery be, and the same hereby are, denied as moot. It is further ORDERED that defendant's motion for attorney fees be, and the same hereby is, denied.

Order Accordingly.